UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MAXINE PAUL, ) | Case No. CV 09-05283 (SH) |
| Plaintiff, ) | MEMORANDUM DECISION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Motion for Summary Judgment; Defendant's Opposition Brief with Points and Authorities), and the defendant has filed

1

the certified transcript of record.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On August 24, 2007, plaintiff Maxine Paul filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since October 1, 2006 due to pain in her shoulder, arm, hand and back, and due to chronic asthma. (Administrative Record ["AR"] 25, 31-32, 78-80, 106).   On February 6, 2009, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act.  (AR 10-18).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-4), plaintiff filed an action in this Court.

Plaintiff makes seven challenges to the ALJ's Decision denying benefits.  Plaintiff alleges that the ALJ erred in (1) failing to provide specific and legitimate reasons for rejecting the opinions of plaintiff's treating physician, Dr. Julie Crusor; (2) relying on the opinions of medical expert, Dr. Arthur Brovendor; (3) failing to fully take into account evidence of plaintiff's pain medication or her need of surgery; (4) failing to provide a clear and convincing reason for rejecting plaintiff's testimony regarding pain; (5) failing to consider non-exertional limitations when determining plaintiff's residual functional capacity; and (6) failing to pose proper hypothetical questions to the vocational expert.

For the reasons discussed below, the Court finds that plaintiff's first claim of error has merit.  Since the matter is remanded based on plaintiff's first claim of error, the Court will not address plaintiff's second through sixth claims of error.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of plaintiff's treating physician, Dr. Julie Crusor.  Defendant asserts that the ALJ provided specific and legitimate reasons for rejecting such opinions.

At the hearing, plaintiff submitted a report prepared by Dr. Crusor, plaintiff's treating physician on July 22, 2008. The ALJ immediately summarized that report, which is not contained in the Administrative Record. In that report, Dr. Crusor, who treated plaintiff for back pain on October 17, 2006 (see AR 304-309) and for plantar fasciitis on July 24, 2007 and December 10, 2007 (see AR 258-62, 276-81), opined that due to pain in her left sciatica, plaintiff could not inter alia lift and carry more than ten pounds, stand and walk more than two hours (limited to only 60 minutes at a time), or sit more than two hours (limited to only 30 minutes at a time).

The ALJ also noted that attached to that report was a July 22, 2008 X-ray of plaintiff's lumbar spine, which read: "first degree spondylolisthesis at the body of L4 and L5 is seen; minimal osteoarthritic changes are seen involving the 4th and 5th lumbar intervetebral disc spaces; the SI joints are normal; the vertebral body heights and pedicels are intact." (See AR 22-24).

The ALJ found that plaintiff's back pain was a severe impairment. (See AR 12-14). Nonetheless, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work -- "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and the abilities to walk or stand a "good deal", or to sit, see 20 C.F.R. § 404.1567(b) -- with limited overhead reaching, with only occasional bending, stooping or squatting, with no climbing, ladders, ropes and scaffolds, and with no exposure to fumes. (See AR 14-17).

Here, the ALJ did not provide specific and legitimate reasons for rejecting Dr. Crusor's opinions concerning plaintiff's abilities to stand, walk and sit. See Morgan v. Apfel, 169 F.3d 595, 596 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Magallanes v. Bowen, 881 F.2d 747, 751 (1989)("To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."). To the extent that the ALJ rejected all of Dr.

3

Crusor's opinions as conclusory and unsupported (see AR 22 [When reviewing the report at the hearing, the ALJ stated that it was only "a checklist, and there [was] not too much information in it."]), the ALJ's rejection was improper, since Dr. Crusor's opinions were supported by an X-ray of plaintiff's lumbar spine. See Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988)(finding that the ALJ properly rejected the treating physician's medical opinion that was unsupported by described medical findings, personal observations, or test results).  Moreover, none of the medical records cited by the ALJ for his implied rejection of Dr. Crusor's opinions, see AR 16, addressed plaintiff's abilities to stand, walk and sit.

Finally, the ALJ's implied rejection of Dr. Crusor's opinions concerning plaintiff's abilities to stand, walk and sit, based on the testimony of medical expert Dr. Arthur Dr. Brovender (see AR 16-17, 37-39), was improper, since the ALJ failed to cite evidence supporting Brovender's opinions concerning plaintiff's abilities to stand, walk and sit. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996)("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."); 20 C.F.R. § 404.1513(c).

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 4, 2010

*/s/ Stephen J. Hillman*

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE